UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES * <br> * <br> v. * <br> * Criminal Action No. 1:24-cr-10281-IT-3 <br> VICTOR PIMENTEL, * <br> * <br> Defendant. * | |

MEMORANDUM & ORDER

January 8, 2025

TALWANI, D.J.

After the Magistrate Judge ordered Defendant Victor Pimentel's detention pending trial, Order [Doc. No. 68], Pimentel filed a Motion for Review by District Court Judge of Detention Order ("Motion for Release") [Doc. No. 125]. For the reasons that follow, the court affirms the Magistrate Judge's detention order and denies Pimentel's Motion for Release [Doc. No. 125].

I. **Background**

Pimentel and seven other defendants have been indicted for a conspiracy to distribute fentanyl in violation of 21 U.S.C. § 846 that continued from August 2021 through December 2021. Indictment [Doc. No. 74]. According to an affidavit filed in support of the criminal complaint, Pimentel and a co-defendant discussed Pimentel running the co-defendant's fentanyl distribution operation while that co-defendant was detained awaiting trial on state criminal charges. Aff. ¶¶ 5–6 [Doc. No. 4-1]. Electronic communications as described in the affidavit support the government's assertion that Pimentel furthered the operation by aiding another co-defendant in obtaining fentanyl and cutting agent. Id. at ¶ 11. Specifically, the affidavit states that electronic communications from September 2021 between Pimentel and that co-defendant indicated that on separate occasions, Pimentel arranged for a source to provide the co-defendant

with fentanyl in quantities of 40 grams, 50 grams, and 100 grams and corresponding amounts of cutting agent so that the co-defendant could prepare the fentanyl for distribution. Id.

According to the Probation Office's Pretrial Services report, Pimentel has no adult criminal convictions, but he was on pretrial release in five separate state court matters at the time he is alleged to have participated in the charged conspiracy. On February 5, 2019, Pimentel was arrested for unlawful ammunition possession. Multiple warrants were entered in this matter. He was arrested again on July 22, 2019, for unlawful firearm, ammunition, and heroin possession. Again, multiple warrants were entered. Pimentel was arrested for a third time on May 11, 2020, for possession of a controlled substance. Multiple defaults entered in this matter. Then on February 23, 2021, Pimentel was arrested and charged with possession of a firearm without a permit, firearm carry, unlawful ammunition possession, and possession of a controlled substance (E-Xanax) with intent to distribute. Pimentel was arrested and charged with trafficking Fentanyl and released again on April 21, 2021. These charges remained pending at the time of the alleged conspiracy.

Pimentel was arrested and charged with additional state drug and weapons offenses after his alleged participation in the charged conspiracy concluded. On June 19, 2023, Massachusetts State Police stopped a vehicle that Pimentel was riding in with a co-defendant. Aff. 6 n.2 [Doc. No. 4-1]. Police recovered pills that appeared to be pressed fentanyl and discovered that Pimentel had over $8,000 in cash on his person. Id. Pimentel was arrested on June 21, 2023, for possession with intent to distribute a controlled substance. On November 28, 2023, Pimentel was arrested again for carrying a dangerous weapon. These matters remain pending.

On December 6, 2023, Pimentel's partner gave birth to their son. Mot. for Release Ex. D [Doc. No. 125-5]. A warrant issued for Pimentel's arrest on the instant federal charges on

February 13, 2024, [Doc. No. 5], and Pimentel turned himself in on March 5. See Mot. for Release 3 [Doc. No. 125]. At the time of the arrest, he was living with his sister in Providence, Rhode Island, as his partner's housing status was unstable.

The Magistrate Judge ordered Pimentel's detention pending trial. Order [Doc. No 68]. The Magistrate Judge found that the weight of the evidence against Pimentel is strong and that Pimentel is subject to a lengthy period of incarceration if convicted on his federal charges; has a prior criminal history; participated in criminal activity while on probation, parole, or supervision; has a history of violence or use of weapons; lacked stable employment; and had violated conditions of probation, parole, or supervised release. Id.

The Magistrate Judge found "serious concerns" about Pimentel's danger to the community if released because of his alleged participation in the conspiracy charged in this case while on pretrial release for state charges based on similar alleged criminal conduct. Id. at 3. This "strongly suggest[ed] that [Pimentel] would be unwilling or unable to abide by any conditions of release this court might impose." Id. Further, the Magistrate Judge found that there had been multiple warrants or defaults issued in connection with his pending charges, which suggested a risk of his nonappearance if he was released. Id. Finally, the Magistrate Judge acknowledged that Pimentel has "strong ties to the community," including family who he could live with in Providence. Id. However, he had limited work history and "no assets or responsibilities anchoring him to the area going forward." Id. The Magistrate Judge concluded that Pimentel's family ties did not outweigh the noted concerns.

## II.    Standard of Review

Pursuant to 18 U.S.C. § 3145(b), district courts have jurisdiction to review a detention order imposed by a magistrate judge. On review, the district court must engage in *de novo* review of the contested order. United States v. Marquez, 113 F. Supp. 2d 125, 127 (D. Mass. 2000). In

3

doing so, the court may reject the magistrate judge's findings of fact and start the hearing anew or may accept the findings of fact made by the magistrate and may hear additional facts and argument. Id.

Under the Bail Reform Act of 1984, a judicial officer may order a defendant detained pending trial if the government establishes (1) by clear and convincing evidence that a defendant is a danger to the community, or (2) by a preponderance of the evidence that a defendant poses a serious risk of flight. 18 U.S.C. § 3142(f); see United States v. Patriarca, 948 F.2d 789, 792–93 (1st Cir. 1991); see also United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). The judicial officer may order detention pending trial only if the judicial officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

In making this determination the judicial officer must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance [or] firearm;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and,
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Id. § 3142(g).

Where an indictment alleges an offense under the Controlled Substances Act punishable by ten or more years' imprisonment, a presumption attaches under 18 U.S.C § 3142(e)(2) that no condition or combination of conditions will reasonably assure the safety of the community. See United States v. Palmer-Contreras, 835 F.2d 15, 17–18 (1st Cir. 1987); United States v. Perez-Franco, 839 F.2d 867, 869–70 (1st Cir. 1988). "The presumption merely creates a burden of production on the defendant, however; it does not shift the burden of persuasion, which remains . . . on the government." United States v. Shea, 749 F. Supp. 1162, 1165 (D. Mass. 1990) (citing United States v. Jessup, 757 F.2d 378, 381–82 (1st Cir. 1985); United States v. O'Brien, 895 F.2d 810, 815 (1st Cir. 1990)). A defendant's introduction of relevant evidence does not eliminate the presumption entirely. See Dillon, 938 F.2d at 1416. The presumption remains in the case for the court to consider alongside the government's ultimate burden of persuasion. Jessup, 757 F.2d at 381, 383.

### III. Discussion

Pimentel claims that his current focus on parenting his son, the fact that he turned himself in on the charges in this case, and conditions that could be imposed, including electronic location monitoring, release to his brother as a third-party custodian, a curfew, and surrender of international travel documents, demonstrate that he is not a flight risk and that his release poses no danger to the community. Mot. for Release 1, 3 [Doc. No. 125]. Pimentel proposes residing with unspecified family in East Boston and with his partner and son. Id. at 4. He argues that the Magistrate Judge improperly ordered Pimentel's detention "predicated on a backward facing view" of his conduct. Id. at 2.

#### A. *The Rebuttable Presumption Applies.*

Pimentel faces a maximum sentence of over ten years if he is convicted under 21 U.S.C. § 846. See id.; id § 841(b). Accordingly, the rebuttable presumption "that no condition or

5

combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community" applies here. 18 U.S.C. § 3142(e)(2).

      B.    *Risk of Flight*

The government has demonstrated that Pimentel is a flight risk if released. First, the weight of the evidence against Pimentel in this case is strong. Law enforcement obtained cell phone communications between Pimentel and his co-defendant supporting the government's charge that Pimentel facilitated several transactions for increasingly large quantities of fentanyl and cutting agent over the course of one month. Aff. ¶ 11 [Doc. No. 4-1]. Second, Pimentel faces a lengthy sentence if he is convicted. Third, in all but one of his pending state cases, Pimentel has defaults or multiple warrants issued. His previous defaults and current incentive to flee suggest that Pimentel poses a significant flight risk if released. See United States v. Holyoke, 597 F. Supp. 3d 498, 500 (D. Mass. 2022) (finding "lengthy sentence" defendant faced "in conjunction with his prior criminal history" supported finding that defendant's risk of flight was high).

Pimentel's evidence of community ties is insufficient to rebut the presumption of detention or overcome the government's showing that he poses a flight risk. Although Pimentel asserts in his motion that he would live in East Boston if released, and that his parenting responsibilities will keep him in the area, he has not identified the family members he would reside with and has previously indicated that his partner's housing is "unstable." Pimentel claims he would "seek employment immediately," Mot. for Release 4 [Doc. No. 125], but his last consistent employment was in 2017, and he has not offered evidence of specific job opportunities that he plans to pursue. In the absence of evidence of concrete employment opportunities that Pimentel will pursue on release, the court agrees with the Magistrate Judge's

finding that Pimentel "has no assets or responsibilities anchoring him to the area going forward." Order 3 [Doc. No. 68].

Pimentel is willing to submit to home confinement when he is not working or attending court and to electronic location monitoring. Mot. for Release 3–4 [Doc. No. 125]. However, in determining whether Pimentel has rebutted the presumption of detention under 18 U.S.C § 3142(e)(2), his willingness to submit to monitoring must be considered in context with the evidence demonstrating that he poses a flight risk. See United States v. O'Brien, 895 F.2d 810, 816 (1st Cir. 1990). In light of Pimentel's defaults in his pending state cases and the incentive to flee created by the sentence he faces if convicted in this case, his willingness to submit to partial home detention and location monitoring does not eliminate the court's concern regarding his flight risk.

  C. *Danger to the Community*

The government has also demonstrated Pimentel's release would pose a significant threat of danger to the community. Though the court does not find that Pimentel's record indicates a history of violence or use of weapons (where he has only been arrested and not convicted on weapons possession charges), the substantial evidence in support of the charges here and the conduct charged—facilitating the sale of large quantities of fentanyl—support the government's argument that Pimentel's release would pose a serious risk of harm to the community. On top of that, he is alleged to have engaged in the charged conspiracy while on pretrial release for other similar charges.

Pimentel claims that his focus on parenting will keep him "out of trouble with law enforcement." Mot. for Release 3 [Doc. No. 125]. But his most recent arrest on a state weapons charge was shortly before the birth of his son, when Pimentel presumably knew that he would

7

soon have parenting responsibilities. Further, although Pimentel provided some evidence that he has employable skills, see Mot. for Release 4 [Doc. No. 125]; Mot. for Release Ex. D [Doc. No. 125-5], he has provided no evidence of stable employment since 2017 or any specific opportunity he could pursue. The absence of evidence of concrete employment prospects increases the risk that Pimentel may engage in criminal activity if he is released.

In light of Pimentel's arrest on a still-pending state weapons charge shortly before his son's birth and the absence of any concrete employment prospects or plan, his assertions that his parenting responsibilities will change his conduct and that he would seek employment if released do not overcome the government's evidence that his release would pose a risk to the community.

### IV.   Conclusion

For the foregoing reasons, Pimentel's Motion for Release [Doc. No. 125] is DENIED and the detention order is AFFIRMED.

IT IS SO ORDERED.

January 8, 2025                              /s/Indira Talwani
                                             United States District Judge